This civilian pay case is before the court on defendant’s motion for summary judgment and plaintiffs opposition thereto. Plaintiff alleges that the National Security Agency (NSA) refused to abide by its oral promise to promote him from the grade of GG-12 to GG-13. Accordingly, he seeks a retroactive promotion, back pay, and other damages.
For the reasons set forth below, we conclude that the Government’s motion must prevail.
Plaintiff has been employed with NSA since 1969 as a Cryptologic Staff Officer, and is presently serving in the grade of GG-12. Plaintiff was nominated by NSA in 1971 to work on a covert project at an overseas location. The project, code-name rainfall, was under the sole administrative direction and control of another federal agency. Plaintiff contends that, during the recruitment briefing, the NSA Project Officer for rainfall promised plaintiff that if *670 he accepted the assignment overseas, he would be automatically promoted by NSA to a GG-13 grade if NSA< received from the overseas site commander a recommendation for promotion.
Plaintiff accepted and commenced his RAINFALL assignment and, in November 1973, was recommended for promotion to the GG-13 grade by the site commander. The recommendation was forwarded to the NSA GG-13 Promotion Review Board (Board). The Board considered the site commander’s recommendation for plaintiffs promotion, but did not further recommend to the NSA Deputy Director that plaintiff be promoted. Plaintiffs assignment to rainfall concluded July 27, 1974 and he returned to his regularly assigned duties in the United States./
Thereafter, plaintiff pursued both informal and formal NSA grievance procedures. On April 28,1978 plaintiff filed suit in the United States District Court for the District of Columbia. The District Court dismissed the action without prejudice to plaintiffs right to seek relief in this Court, and on January 21,1980, this action was filed.
Plaintiff contends that he accepted the two-year overseas assignment in exchange for the promise by his supervisor that he would be promoted to GG-13 if recommended by the site commander at the overseas location. This assurance of promotion, plaintiff argues, was a promise the acceptance of which created a contract between plaintiff and the Government. The failure to promote, plaintiff continues, was a breach by the Government of its contract to promote plaintiff to a GG-13 position.
The Government’s rejoinder is simple, but legally compelling. The Government argues that since plaintiff had neither an express nor an implied-in-fact contract, no enforceable right for promotion was created. The Government further , solidifies its position by noting that even if a contract did exist, the employee who made the alleged promise exceeded the scope of his authority. Thus, the Government was under no binding agreement with plaintiff.
We start with the basic premise that in the absence of clear Congressional intent to the contrary, an employee of the federal government does not have any vested or *671 contractual rights to the emoluments flowing from such employment; United States v. Hopkins, 427 U.S. 123 (1976). There is a heavy burden to overcome the presumption against federal employment contracts. As such, employees of the federal government generally do not hold their positions through a contract of employment; rather, they are appointed to their positions. Urbana v. U.S., 192 Ct.Cl. 875, 428 F.2d 1280 (1970). In this case, plaintiff has offered no credible evidence to show the existence of any contractual right to the requested promotion, and therefore has failed to overcome the presumption against federal employment contracts.
Moreover, plaintiff has not sufficiently alleged any facts which would support the existence of an implied-in-fact contract. As in the case of an express contract, an implied-in-fact contract requires a showing of mutual intent to contract. Russell Corp. v. United States, 210 Ct.Cl. 596, 537 F.2d 474 (1976), cert. denied, 429 U.S. 1073 (1977). The record is devoid of any evidence which would establish mutuality of intent between the parties.
Assuming arguendo that a contract, either express or implied, did indeed exist, plaintiff is still barred from recovery since he has failed to show that anyone with authority to promote plaintiff made these assurances. Only the Deputy Director and his superiors possessed such authority — no other employee had the power to bind the United States Jackson v. United States, 216 Ct.Cl. 25, 573 F.2d 1189 (1978). Thus, even if we were to resolve all doubt concerning this matter in favor of plaintiff, we still must conclude that the promises or representations made by a federal employee acting outside the scope of his authority are not binding on the United States.
In sum, plaintiff has failed utterly to produce any proof cognizable in this Court that the Government breached any contract, agreement or promise to promote plaintiff to a GG-13 position.
All other arguments raised by the parties, though not directly addressed by this order, have been examined and found to be without merit.
Accordingly, it is therefore ordered, upon consideration of the parties’ submissions, but without oral argu *672 ment, defendant’s motion for summary judgment is granted. Plaintiffs petition is dismissed.