**Daryl RENARD, Plaintiff,**

v.

**NEW CUMBERLAND ARMY DEPOT, UNITED STATES ARMY, Defendant.**

**Civ. A. No. 81–0645.**

United States District Court, M. D. Pennsylvania.

March 4, 1982.

452

Ira H. Weinstock, Harrisburg, Pa., for plaintiff.

J. Andrew Smyser, Asst. U. S. Atty., Harrisburg, Pa., for defendant.

## MEMORANDUM

RAMBO, District Judge.

Plaintiff brought this action to redress his allegedly summary discharge from employment by defendant. Plaintiff argues that jurisdiction is vested in this court under the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–706 (1976) standing alone. Alternatively, plaintiff contends that his discharge should have been governed by the procedures set forth in 5 C.F.R. § 315.805–806 (1981) which include an appeal of agency action to the Merit Systems Protection Board (Merit Board).

Defendant moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, or under 12(b)(6) for failure to state a claim upon which relief may be granted. The court will grant defendant's motion to dismiss for lack of subject matter jurisdiction.

■ Plaintiff contends that he was adversely affected by agency action within the meaning of § 702 of the APA, 5 U.S.C. § 702, when he was summarily discharged for allegedly making false statements on his employment application. Plaintiff further argues that he had no further remedy available to him within the Civil Service Commission and therefore is subject to judicial review within the meaning of 5 U.S.C. § 704. Plaintiff cited cases supporting the view that the APA is an independent grant of subject matter jurisdiction. The court disagrees. In *Califano v. Sanders*, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), the Court held "that the APA does not afford an implied grant of subject matter jurisdiction permitting federal judicial review of agency action." *Id.*, at 107, 97 S.Ct. at 985. The cases cited by plaintiff supporting the view that the APA is an independent grant of subject matter jurisdiction predate the *Califano* decision and are not controlling.

■ Plaintiff alternatively argues that his discharge should have been governed by the procedures set forth in 5 C.F.R. §§ 315.805–806 which include an appeal to the Merit Board. The court does not find that the cited regulations apply to plaintiff.[1] Plaintiff received a veterans read-

1. Even if plaintiff were entitled to the procedures of 5 C.F.R. § 305.805–806, which in- cludes an appeal to the Merit Board, this court would still lack jurisdiction. Under 5 U.S.C.

justment appointment from defendant pursuant to 38 U.S.C. § 2014 and 5 C.F.R. § 307.101 et seq. (1981). 5 C.F.R. § 307.-101(c) states that a "Veterans readjustment appointment is an *excepted*[2] appointment made after April 8, 1970, under this part to a position otherwise in the competitive service of a veteran who served during the Vietnam era." (Emphasis added.) The regulations that plaintiff seeks to have applied to him, 5 C.F.R. § 315.805–806, are entitled "Subpart H—Probation on Initial Appointment to a *Competitive* Position." (Emphasis added.) Plaintiff's appointment was not within the competitive service and thus he is not covered by § 315.805–806.

In further support of the conclusion that plaintiff was not entitled to the procedures of § 315.805–806, the court notes that a government employee is entitled to the rights and salary of the position to which he has been appointed. *Donovan v. United States*, 580 F.2d 1203, 1208 (3d Cir. 1978). Plaintiff was not entitled to any particular procedures in connection with his termination under the regulations by which he was appointed. The regulations governing plaintiff's appointment make only one reference to termination procedures. 5 C.F.R. § 307.105 entitled "Conditions of Employment" states that an agency shall separate an employee who does not meet these conditions (satisfactory performance of assigned duties and participation in the required educational or training program), *following the procedures in Part 432 of this chapter if the employee has completed one year of current continuous employment.* (Emphasis added.) No mention is made of specific termination procedures for employees such as plaintiff who have completed less than one year of employment. There is no indication that plaintiff, as an excepted appointee, was entitled to the termination procedures set out in 5 C.F.R. § 315.805–806 for probationary employees in the competitive service.

Finally, the court points out that individuals outside the classified civil service are not subject to the procedures required for removal of persons within the competitive service. *See Carter v. United States*, 407 F.2d 1238 (D.C.Cir.1968); *Committee for Protection of First Amendment Rights v. Bergland*, 434 F.Supp. 314 (D.D.C. 1977). This difference in procedural entitlement renders the case cited by plaintiff inapposite. In *Cohen v. United States*, 384 F.2d 1001 (Ct.Cl.1967) the court held that a career conditional appointee in the *competitive* service was entitled to the protections granted in 5 C.F.R. § 315.804. Plaintiff in the instant case is an excepted employee and as such, is not entitled to the same procedural protections as an employee in the competitive service, absent a specific statute or regulation.

The court thus concludes that it lacks subject matter jurisdiction over this matter and will grant defendant's motion to dismiss.

IT IS HEREBY ORDERED:

1. Defendant's motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) because the court lacks subject matter jurisdiction is granted.

2. The Clerk of the Court is directed to close the file on this matter.

---

§ 7703, final orders or decisions of the Merit Board must be filed in the Court of Claims or a United States Court of Appeals.

**2.** The term excepted appointment means a position outside of the competitive service. *See* 5 C.F.R. § 1.4(c).