This civilian pay case is before the court without oral argument on defendant’s motion for summary judgment. Plaintiff Jack Bigler was employed by the United States Secret Service as a Special Agent from December 1975 until April 1980. In April 1980, plaintiff voluntarily resigned from his position with the Secret Service and was appointed as a Special Agent with the Forest Service. In August 1980, plaintiff decided to return to the Secret Service and submitted an application for another appointment as a Special Agent. Although the Secret Service apparently considered plaintiff for several openings, plaintiff has not been rehired. Plaintiff brings this suit seeking reinstatement to his Secret Service position; he remains employed with the Forest Service.
Plaintiff, however, clearly misapprehends the nature of our jurisdiction. While we have the power to reinstate federal employees, that power is available only incident to a money judgment against the United States. 28 U.S.C. §1491 (1976). We can award money damages against the sovereign, of course, only where the sovereign has consented specifically to suit. E.g., United States v. Mitchell, 445 U. S. 535, 538 (1980); see Aetna Casualty and Surety Co. v. United States, 228 Ct. Cl. 146, 150, 655 F. 2d 1047, 1051 (1981), and cases cited thereat. The only consent to suit arguably applicable here is the Back Pay Act, 5 U.S.C. §5596 (1976 & Supp. IV 1980). The Back Pay Act allows a federal employee to recover the pay of his duly appointed position when the employee has been the subject of "an unjustified or *986 unwarranted personnel action * * The petition concedes, however, that plaintiff voluntarily resigned from his Secret Service appointment. The case law is well settled that a termination following a voluntary resignation is neither "an unjustified or unwarranted personnel action * * for the resigning employee has assented thereto. See, e.g., Parker v. United States, ante at 974, 975 (1982); Clark v. United States, 229 Ct. Cl. 570, 573 (1981); Dounias v. United States, 209 Ct. Cl. 688, 689 (1976); Christie v. United States, 207 Ct. Cl. 333, 340, 518 F. 2d 584, 589 (1975); Leone v. United States, 204 Ct. Cl. 334, 341 (1974). Having voluntarily resigned his Secret Service appointment, then, plaintiffs claim for reinstatement is patently beyond our 28 U.S.C. §1491 jurisdiction. To this extent, we treat defendant’s motion as one for dismissal and allow it.
Plaintiffs remaining arguments are similarly without merit. For example, plaintiff argues various statements made him by Secret Service agents concerning his application for reemployment somehow provide plaintiff a contractual entitlement to a Special Agent’s position or estop the Government from denying that position to him. As we have stressed before, however, public employment is presumptively not by contract; it is instead accomplished by appointment and controlled by statute, regulation, and Executive Order. See Brown v. United States, 226 Ct. Cl. 669, 670-71 (1981); Urbina v. United States, 192 Ct. Cl. 875, 881, 428 F. 2d 1280, 1284 (1970). Even if plaintiff could refute this basic presumption as to the type of employment here concerned, plaintiff has not alleged certain facts necessary to any contract, such as a valid offer or a mutual intent to be bound. See Brown, supra; Tree Farm Development Corp. v. United States, 218 Ct. Cl. 308, 319-322, 585 F. 2d 493, 499-501 (1978). Similarly, it is well settled that no estoppel can lie against the Government in the absence of actual authority on the part of the agent said to cause the estoppel. E.g., Federal Crop Insurance Corp. v. Merrill, 332 U. S. 380, 384 (1947). Defendant’s exhibits supporting its motion are clear that the agents with whom plaintiff talked had no authority to hire plaintiff. Plaintiff has not raised even a colorable issue of fact in this regard. Thus, to the extent these theories of plaintiff would be within our 28 *987 U.S.C. §1491 jurisdiction, summary judgment is appropriate. See, e.g., Rule 101(f); Allen v. United States, 229 Ct. Cl. 515, 518 (1981), and cases cited thereat.
Finally, plaintiff argues that the failure of the Secret Service to rehire him was violative of the Fifth Amendment’s due process clause and is compensable in this court. Our cases are clear, though, that a violation of the due process clause itself founds no claim within our 28 U.S.C. §1491 jurisdiction. E.g., Gordon v. United States, 227 Ct. Cl. 328, 330 n.2, 649 F. 2d 837, 838 n.2 (1981); Carruth v. United States, 224 Ct. Cl. 422, 445, 627 F. 2d 1068, 1081 (1980). To this extent, we again treat defendant’s motion as one for dismissal and allow it.
it is therefore ordered that defendant’s motion for summary judgment, which we have treated in part as one for dismissal, be and is hereby allowed. The petition is dismissed.