**Francis T. FAHY**

v.

**The UNITED STATES.**

No. 74–87C.

United States Claims Court.

March 22, 1988.

Francis T. Fahy, pro se.

Paul J. Ehlenbach, Washington, D.C., with whom was Asst. Atty. Gen., John R. Bolton, for defendant. Robyn Bacon, Asst. Regional Counsel, U.S. Customs Service, of counsel.

## OPINION

YOCK, Judge.

This civilian pay matter is currently before the Court on the defendant's motion to dismiss for lack of jurisdiction. For the reasons discussed herein, the defendant's motion is granted and the plaintiff's complaint is to be dismissed.

## FACTS

On January 24, 1982, Francis T. Fahy, plaintiff *pro se*, received an excepted service veterans readjustment appointment to a GS–4 supply clerk position at the San Francisco Regional Office of the United States Customs Service (USCS). Veterans readjustment appointments are made pursuant to statutory authority contained in 5 U.S.C. §§ 3301 and 3302 (1982); Executive Order No. 11521, 3 C.F.R. 912 (1966–70 comp.), *reprinted in* 5 U.S.C. § 3302 note at 525–26 (1982); and 38 U.S.C. § 2014 (1982). Regulations governing these appointments appear in Part 307 of Title 5 of the Code of Federal Regulations.

Mr. Fahy performed his duties satisfactorily through September 1982, and indeed received commendations for his enthusiasm, high quality work, and dedication. However, in September 1982, the USCS consolidated its San Francisco and Los Angeles offices into a single regional office located in Los Angeles. Pursuant to this office consolidation, the plaintiff was transferred to Los Angeles.

Following his transfer, the plaintiff began to experience difficulties on the job. Mr. Fahy alleges in his complaint that he was prevented from performing his assigned tasks at the new worksite. He indicated that a coworker denied him access to the room where his duties were to be performed and threatened him with physical force. When the matter was brought to the attention of his supervisor, the supervisor refused to intervene on his behalf and also refused to issue him a key to the room where his duties were to be performed. After several further altercations, the plaintiff was assigned to a new position as a clerk typist. At some point thereafter,

reports were filed with the Regional Director of Administration to the effect that the plaintiff had abused Government property, had manifested irrational behavior, and had shirked assigned duties.

On December 17, 1982, the Customs Service sent the plaintiff notice that he was to be terminated. The letter read (in pertinent part):

This is official notice that your Excepted Appointment as a Supply Clerk (Typing), GS–2005–4, with the U.S. Customs Service is being terminated during your trial period. The effective date of your separation is January 5, 1983. The Notification of Personnel Action, Standard Form 50, documenting this action will be sent to you at a later date.

The reason for terminating your appointment is because you have engaged in disruptive and discourteous behavior in the work place and sometimes respond to directions in an uncooperative argumentative manner. You have made insulting comments to Regional Office employees and you were observed physically abusing Government property, (the Kodak reproduction machine and a telephone). When given instructions, correction or guidance, you sometimes respond in an argumentative, offensive manner.

The letter thereafter outlined his various rights of appeal.

On December 22, 1982, the plaintiff appealed his prospective removal to the Regional Office of the Merit Systems Protection Board (MSPB) in San Francisco, California. The MSPB, however, determined that it lacked jurisdiction to hear appeals from employees removed from positions they held less than one year. In its Decision No. SF315H8310265 dated May 4, 1983, the Board stated (in pertinent part):

The record in this case reflects the following. The agency appointed appellant effective January 24, 1982 to the Veterans Readjustment Program appointment from which it subsequently terminated him. * * * The appointment was not to exceed two years and, upon satisfactory completion of the program, would be noncompetitively converted from an ex-

cepted to a career-conditional appointment. The agency terminated appellant effective January 5, 1983, however, for unsatisfactory conduct. At the time of his termination, then, appellant had served less than one year in his excepted service position.

The Board may hear appeals only from those actions which are authorized by some law, rule, or regulation. 5 U.S.C. § 7701(a); 5 C.F.R. § 1201.3(a). The Board thus has no authority to hear appeals from individuals who have served less than one year in a Veterans Readjustment Program appointment. *Smith v. Department of the Navy,* [4 MSPR 20] 4 MSPB 113 (1980).

The statutory rights of appeal to the Board of employees who have been separated from federal employment are set forth in 5 U.S.C. §§ 7511–7514. Specifically excluded from coverage are preference eligibles (such as a veteran) in the excepted service who have served less than one year of continuous current employment in the same or similar positions. 5 U.S.C. § 7511(a)(1)(B). The regulations governing Veterans Readjustment Program appointments also do not provide appeal rights for appointees who fail to complete one year of continuous service. See, 5 C.F.R. Part 307.

Mr. Fahy did not appeal the MSPB determination but instead (on June 24, 1986) filed an action in the United States District Court for the Northern District of California. Since the complaint requested damages in the amount of some $18,000 based on an alleged contract with the Government, the District Court transferred the case to the United States Claims Court. On March 17, 1987, the plaintiff filed his Amended Complaint in this Court as called for by the Rules. *See* Rule 84.

The plaintiff's Amended Complaint seeks money damages including back pay in the amount of $18,000. He claims that he had an employment contract with the Government that guaranteed him a two-year tenure in a Customs Service training program designed to promote him (after two years) noncompetitively to a career-conditional appointment. Apparently in the alternative, plaintiff argues that his termination was inconsistent with his rights under the Civil Service Reform Act of 1978 and the veterans readjustment program regulations.

## DISCUSSION

The defendant has now moved to dismiss this action for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. Specifically, the defendant argues that the plaintiff has not stated a valid contract claim within the jurisdiction of this Court, since the rights and benefits of a federal civilian employee are defined by statutes and regulations, and not by principles of contract law. Secondly, the defendant contends that the statute that does specifically cover the plaintiff's factual circumstances also precludes this Court's jurisdiction over his claim. Finally, the defendant asserts that, to the extent that this Court does not find that the Civil Service Reform Act of 1978 precludes jurisdiction over the plaintiff's claim, the plaintiff has failed to point to any other statute or regulation which would mandate a money judgment and thus confer jurisdiction. This Court finds that the Government is correct in all three contentions.

▮ In arguing that the Court has jurisdiction, the plaintiff apparently relies upon the theory that his veterans readjustment appointment to an excepted service position in the federal civilian service somehow gives rise to a contractual relationship between him and the United States. He appears to evidence this contract by pointing to the letter from the Customs Service dated January 22, 1981 which advised him that he had been selected for the position of supply clerk, GS–4, in San Francisco under a veterans readjustment appointment, with an effective date of January 24, 1982. He also points to a veterans readjustment appointment plan signed by himself and an agency official on January 24, 1982 that outlined the educational and counseling benefits that he was to receive during his two year appointment. As interesting as these documents are, however, they clearly

do not establish a contractual relationship. Moreover, Executive Order No. 11520 of March 26, 1970 and the regulations pertaining thereto contained in 5 C.F.R. §§ 307.-101–.107 (1982) clearly do not contemplate the establishment of a contractual relationship. Both the Executive Order and the regulations specifically speak to an excepted appointment known as a veterans readjustment appointment. There clearly is no contract involved here between the plaintiff and the Government.

■ It is a "well-established principle that, absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from a contractual or quasi-contractual relationship with the government." *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir.1985). *See also Bigler v. United States*, 230 Ct.Cl. 985, 986 (1982); *Hayman v. United States*, 218 Ct.Cl. 729, 590 F.2d 344 (1978); *Urbina v. United States*, 192 Ct.Cl. 875, 428 F.2d 1280 (1970). Resolution of this case, therefore, does "not turn on contract doctrines, but [is a matter] of legal status even where compacts [have been] made." *Kania v. United States*, 227 Ct.Cl. 458, 464–65, 650 F.2d 264, 268 (1981); *Shaw v. United States*, 226 Ct.Cl. 240, 251, 640 F.2d 1254, 1260 (1981); *Schuhl v. United States*, 3 Cl.Ct. 207, 212 (1983).

Accordingly, to the extent the plaintiff can state any valid claim whatsoever arising from his removal from the federal civilian service, it is not a claim sounding in contract.[1]

The remaining question is whether plaintiff can state a valid claim for money damages within the historic Tucker Act jurisdiction of this Court based upon the Constitution, a federal statute, or any regulation of an executive department. *See* 28 U.S.C. § 1491. The answer is that he cannot for several reasons.

■ The first reason arises from the Civil Service Reform Act of 1978 (CSRA), Pub. L. No. 95–454, 92 Stat. 1111 (1978) (codified in various provisions of Title 5, United States Code). In the CSRA, Congress created a comprehensive scheme for administrative and judicial review of adverse personnel actions taken against federal employees. To the extent the CSRA provides federal employees with rights and remedies to be enforced by the MSPB or in arbitration, such rights and remedies are exclusive, precluding the implication of private rights of action outside the CSRA in this Court or any other. *McClary v. United States*, 775 F.2d 280 (Fed.Cir.1985); *Harrison v. Bowen*, 815 F.2d 1505 (D.C.Cir.1987); *Carducci v. Regan*, 714 F.2d 171, 174 (D.C. Cir.1983); *Shelleman v. United States*, 9 Cl.Ct. 452 (1986).

■ More significantly for this case, however, Congress' failure to provide any appeal rights to those federal employees that suffer adverse actions during the probationary period of their federal service likewise precludes the existence of such private rights of action by virtue of the comprehensive character of the CSRA. For instance, in *United States v. Connolly*, 716 F.2d 882 (Fed.Cir.1983), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984), the Court of Appeals for the Federal Circuit (CAFC) found that a former employee of the United States Postal Service who was removed from his position during his one year probationary period not only lacked the right for the MSPB to review his removal pursuant to the CSRA (*see* 5 U.S.C. §§ 7511(a)(1)(A) and 7513), but also lacked any right of action in the United States Claims Court. The CAFC stated:

We think that the legislative history of the Reform Act entirely forecloses the possibility that probationary employees have some sort of unspecified private right of action in the Claims Court under the Act to seek judicial review of their removals.

*United States v. Connolly, supra,* 716 F.2d at 886.

---

1. To the extent plaintiff's complaint may be construed to state a tort cause of action, that cause of action is also clearly outside the jurisdiction of the Court. *See* 28 U.S.C. § 1491(a) (1982); *Eastport S.S. Corp. v. United States*, 178 Ct.Cl. 599, 614, 372 F.2d 1002, 1008 (1967); *Caravella v. United States*, 9 Cl.Ct. 280 (1985), *aff'd,* 795 F.2d 1016 (Fed.Cir.1986).

**474**

A recent Supreme Court decision yields the same result by analogy. In *United States v. Fausto*, — U.S. —, 108 S.Ct. 668, 98 L.Ed.2d 830 (1968), the Supreme Court held that a nonpreference eligible excepted service employee who, under the CSRA, lacked a right to MSPB review of an adverse personnel action also had no private right of action in the Claims Court. Citing the CSRA's comprehensive nature and its attention throughout to the rights of excepted service employees, the Court held that the Act's failure to include certain types of personnel actions and certain categories of employees in its provisions for administrative and judicial review represented a congressional judgment that judicial review not be available. By the reasoning of *Fausto*, the Claims Court would also lack jurisdiction of a claim by a preference eligible such as Fahy because the CSRA is structured to provide exclusive remedies. Since the CSRA provides Fahy no right of appeal because he was a probationer, none lies in this Court.

Thus, from a reading of the *Fausto* and *Connolly* cases, it is clear that the Claims Court does not retain jurisdiction over the plaintiff's Tucker Act claim. The plaintiff here is a preference eligible excepted service employee, with a veterans readjustment appointment, who was removed from his position within his one year probationary period. The applicable CSRA provisions, 5 U.S.C. §§ 7511(a)(1)(B) and 7513, exclude Fahy from taking an appeal to the MSPB, for Fahy is not an "employee" as defined in section 7511(a)(1). The CSRA, likewise, under the reasoning of *Fausto* and *Connolly*, precludes him from bringing a private action for review in the United States Claims Court.

Furthermore, the veterans readjustment program regulations in effect at the time Mr. Fahy was terminated provided no procedural or substantive rights to persons like him serving under a veterans readjustment appointment for less than one year:

§ 307.105   Conditions of Employment

An employee holding a veterans readjustment appointment serves subject to the satisfactory performance of assigned duties and satisfactory participation in the required training or educational program. The agency shall separate an employee who does not meet these conditions, following the procedures in Part 432 of this chapter [governing removals for unsatisfactory performance] if the employee has completed one year of current continuous employment.

5 C.F.R. § 307.105 (1982).[2] *See Renard v. New Cumberland Army Depot*, 533 F.Supp. 451, 453 (M.D.Pa.1982) (5 C.F.R. § 307.105 does not entitle a federal excepted service employee serving under a veterans readjustment appointment for less than one year to any particular procedures in connection with his termination).

Accordingly, whether by virtue of CSRA preclusion or due to the lack of any regulation granting Mr. Fahy procedural or substantive rights in connection with his status as a veterans readjustment appointee with less than one year of service, the plaintiff has failed to state a noncontractual claim within the Court's Tucker Act jurisdiction.

## CONCLUSION

For the reasons discussed herein, the defendant's motion to dismiss is granted and the plaintiff's complaint is to be dismissed.

Each party is to bear its own costs.

---

**2.** The regulations in force since April 3, 1985, confer upon persons holding veterans adjustment appointments for less than one year the same limited appeal rights to the MSPB held by probationary employees under 5 C.F.R. § 315.806. *See* 5 C.F.R. § 307.105(b) (1987). The Court notes that Mr. Fahy alleges none of the adverse actions for which section 315.806 would allow an appeal.