On June 1, 1979 the court entered the following order:
Before Nichols, Judge, Presiding, Bennett and Smith, Judges.
This civilian pay case comes before the court on defendant’s motion for summary judgment, filed February 14, 1979. After considering the motion and supporting memoranda, as well as plaintiffs opposition thereto, the court concludes there is no genuine issue as to any material fact and defendant is entitled to judgment as a matter of law.
Plaintiff, formerly a GS-14 electronics engineer, was removed from his position with the Defense Communications Agency on July 1, 1977. Plaintiff appealed his removal to the Federal Employees Appeals Authority of the Civil Service Commission, which affirmed the agency action on August 9, 1978.
While his appeal was pending, plaintiff applied to the Commission for disability retirement, claiming he had suffered since June 1977 from a severe emotional disability which he described as "total.” On June 30, 1978, the Commission’s Bureau of Retirement, Insurance and Occupational Health found plaintiffs disability to be permanent *685 and approved his application for disability retirement. Plaintiff thus became entitled retroactively to retirement benefits as of July 2, 1977. On November 30, 1978, the Commission paid all benefits then due for the period July 1977 through November 1978.
Plaintiff filed the instant action on October 27, 1978, seeking back pay from the date of his removal to the date of his mandatory retirement at age 70, some sixteen years hence. Plaintiff does not seek reinstatement. He twice amended his petition to request, in addition to back salary, recovery for the denial of a step increase, for workmen’s compensation benefits, for unused sick leave, and for medical costs incurred as a result of job-related stress.
Plaintiffs claim for back salary must fail. It is no longer subject to question that this court will not award back pay for improper dismissal where the fired employee was not "ready, willing and able” to work during the period for which his claim is made. Graves v. United States, 176 Ct. Cl. 68 (1966). We have further held that those former employees who have received total disability compensation cannot be deemed "ready, willing and able” to resume their positions and are therefore not entitled to an award of back salary. Everett v. United States, 169 Ct. Cl. 11, 340 F. 2d 352 (1965). These principles have not been restricted to cases involving physically disabled employees, but have been applied equally to cases involving psychiatrically disabled employees. In one such case, this court specifically held, "A person cannot receive back pay for a period when he was psychiatrically disabled.” Frommhagen v. United States, 216 Ct. Cl. 1, 6, 573 F. 2d 52, 55-56 (1978). See also Cunningham v. United States, 212 Ct. Cl. 451, 549 F. 2d 753 (1977), cert. denied, 445 U.S. 969 (1980); Carter v. United States, 206 Ct. Cl. 61, 509 F. 2d 1150 (1975), cert. denied, 423 U.S. 1076 (1976). The result in Cunningham is distinguished since the disability annuity there involved was under Veteran’s legislation. Though the term 100 percent disability was used, it did not contemplate total disability for employment, and the employee was actually hired while in receipt of such annuity, which continued.
Plaintiff has been psychiatrically disabled since July 2, 1977, and has been receiving total disability compensation from that date to the present. Under the principles *686 discussed above, plaintiff is not entitled to an award of back pay for the identical period. It hardly bears mentioning that plaintiffs further claim for his salary "to the date of his mandatory retirement, age 70” is not a claim for money damages presently due from the United States. It is therefore outside the jurisdiction of this court. United States v. King, 395 U.S. 1 (1969).
Similarly outside this court’s jurisdiction is plaintiffs claim for medical costs incurred as a result of job-related stress. This is no more than a claim for damages based on an intentional tort. It is axiomatic that this court has no jurisdiction over claims sounding in tort. 28 U.S.C. § 1491; Vincin v. United States, 199 Ct. Cl. 762, 468 F. 2d 930 (1972).
Plaintiffs remaining claims are also without merit. Plaintiffs failure to exhaust his administrative remedies with respect to the alleged denial of a step increase bars his claim here. Wilmot v. United States, 205 Ct. 666 (1974). His workmen’s compensation claim is currently pending before the Department of Labor, which precludes his pursuing that claim here. Even if the Labor Department had issued an administrative determination of entitlement, that determination would not be subject to judicial review. 5 U.S.C. § 8128(b)(2). Plaintiffs claim for compensation for unused sick leave is precluded by numerous decisions of this court holding that federal employees have no right to receive cash payments for their accumulated, but unused, sick leave. See, e.g., Seebach v. United States, 182 Ct. Cl. 342 (1968); Burich v. United States, 177 Ct. Cl. 139, 366 F. 2d 984 (1966), cert. denied, 389 U.S. 885 (1967).
For the above reasons, we believe that, as there are no material facts in dispute, defendant is entitled to summary judgment as a matter of law. In view of our decision, oral argument on the matter would serve no useful purpose. Accordingly, plaintiffs request for oral argument is denied.
it is therefore ordered, without oral argument, that defendant’s motion for summary judgment is granted and the petition is dismissed.