**Christine A. ALLEN, Plaintiff,**

v.

**DEPARTMENT OF the AIR FORCE, Defendant.**

**No. CIV–87–1545–T.**

United States District Court, W.D. Oklahoma.

June 21, 1988.

Steven M. Angel, Oklahoma City, Okl., for plaintiff.

William S. Price, William Lee Borden, Jr., Oklahoma City, Okl., for defendant.

## ORDER

RALPH G. THOMPSON, Chief Judge.

Before the Court is defendant's Motion to Dismiss or, in the Alternative for Summary Judgment. The plaintiff has responded. Furthermore, at the Court's request, the parties have filed supplemental briefs.

Plaintiff brings this claim under Executive Order 5396 and the Back Pay Act, 5 U.S.C. § 5596. The Complaint alleges that the plaintiff was wrongfully terminated for service-connected disabilities. In particular, plaintiff states that the termination was due to excessive absences but that the majority of these absences were for medical appointments related to service-connected disabilities. Plaintiff contends that Executive Order 5396 and the Back Pay Act entitle her to attendance without adverse reference for absences attributable to service-connected disabilities. Plaintiff requests reinstatement and retroactive pay and benefits. In the supplemental brief, plaintiff states that she will limit her requested relief to $10,000 or less.

The defendant contends that this Court lacks jurisdiction over the plaintiff's claims because she was a probationary employee. Defendant also states that this Court lacks jurisdiction over the plaintiff's claims under Executive Order 5396 or the Back Pay Act.

Plaintiff was employed by the Air Force at Tinker Air Force Base, Oklahoma. Her career-conditional appointment was conditioned upon her completing a one-year probationary period commencing January 7, 1985. On October 21, 1985, plaintiff was notified that she would be terminated from employment for failure to qualify during the probationary period. Specifically, the notification stated that plaintiff had used all of her accrued leave and was therefore carried in an absence-without-pay status for an additional 331 hours. After being given an opportunity to respond, plaintiff was notified that she would be terminated effective November 5, 1985. Following this, plaintiff appealed to the Merit Systems Protection Board (MSPB), alleging wrongful termination due to her disabilities and discrimination based on marital status due to her interracial marriage. On January 6, 1986, the MSPB issued a decision finding that it had no jurisdiction and therefore no basis to review the termination because of plaintiff's probationary status. The MSPB further found that there was no basis to review the allegations of discrimination based on marital

status and that the allegations of handicap discrimination did not provide an independent basis for jurisdiction. There was no appeal to the full Board, and the decision became final on February 10, 1986.

■ The Court agrees with defendant's contention that it lacks jurisdiction to review the administrative decision to terminate the plaintiff due to plaintiff's probationary status. The policy of denying probationary employees the right to challenge such terminations is based on the premise that the probationary or trial period is an extension of the examining process to determine an employee's ability to actually perform the duties of the position. "It is inappropriate to restrict an agency's authority to separate an employee who does not perform acceptably during this period." S.Rep. No. 969, 95th Cong., 2d Sess. 45 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 2723, 2767. Because Congress could have permitted probationers to challenge removals, but declined to do so, it would be incongruous to conclude that a probationer has an implied private right of action to seek judicial review of his or her dismissal. *E.g., INS v. FLRA,* 709 F.2d 724, 728–29 (D.C.Cir.1983).

■ Whether plaintiff has a cause of action under Executive Order 5396 and the Back Pay Act is a closer question. The Back Pay Act in and of itself does not provide this Court with jurisdiction over plaintiff's claim, but only grants such relief where there has been an unjustified or unwarranted personnel action under applicable law, rule, regulation or collective bargaining agreement. Section 5596(b)(1). Thus, absent a particular allegation of violation of an applicable law or regulation, a plaintiff may not use the Back Pay Act to assert broader harms. *United States v. Connolly,* 716 F.2d 882, 887 (Fed.Cir.1983). As *Connolly* states, the "Back Pay Act is merely derivative in application; it is not itself a jurisdictional statute." *Id.*

■ Here, the plaintiff contends that Executive Order 5396 makes her termination an unjustified personnel action under applicable law. Thus, the Court must analyze the background of the Executive Order in question to determine if back pay was intended as a remedy for its violation. Executive Order 5396 states:

> With respect to medical treatment of disabled veterans who are employed in the executive civil service of the United States, it is hereby ordered that, upon the presentation of an official statement from duly constituted medical authority that medical treatment is required, such annual or sick leave as may be permitted by law and such leave without pay as may be necessary shall be granted by the proper supervisory officer to a disabled veteran in order that the veteran may receive such treatment, all without penalty in his efficiency rating.
>
> The granting of such leave is contingent upon the veteran's giving prior notice of definite days and hours of absence required for medical treatment in order that arrangements may be made for carrying on the work during his absence.

Executive Order 5396 (July 17, 1930). Neither the Executive Order nor the Federal Personnel Manual Supplement which incorporates it evinces any intent to confer back pay as a remedy for its violation. Furthermore, there is no background information concerning the Order, either from the President or Congress, which might support such a conclusion. There is simply no indication from any source that the Order was intended to confer a private right of action on its own or through the Back Pay Act.

The case law with regard to Executive Order 5396 is also scanty. *Conrad v. United States Postal Service,* 494 F.Supp. 761 (M.D.N.C.1980) simply held that the Executive Order did not apply to the Postal Service. In *Wimbley v. Bolger,* 642 F.Supp. 481 (W.D.Tenn.1986), the plaintiff sought reversal of a decision previously issued by the Merit Systems Protection Board and also made a claim for handicap discrimination under the Rehabilitation Act. The court addressed Executive Order 5396 in reviewing plaintiff's termination for excessive absenteeism, but in no way indicated that it considered Executive Order 5396 itself to provide plaintiff with a private right of action.

**1530**

The Court is aware of authority to the effect that the constitutional protection of employees against removal because of the exercise of first amendment rights does not depend on the particular employee's status or tenure. *E.g., Jackson v. United States*, 428 F.2d 844, 192 Ct.Cl. 765 (1970). However, there is no similar claim of constitutional dimensions made by the plaintiff herein. Her probationary status precludes review by this Court of the decision to terminate her due to excessive absences. To allow plaintiff to bring a direct action under the Back Pay Act and Executive Order 5396 would arguably provide plaintiff, a probationary employee, with more protection than that provided to nonprobationary employees.

In light of the foregoing, the Motion to Dismiss filed by the defendant, Department of the Air Force, is hereby granted, and the case is dismissed for lack of subject matter jurisdiction.