883 F.2d 1027
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert J. COSTA, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 89-1403.
 United States Court of Appeals, Federal Circuit.
 July 18, 1989.
 
 Before BISSELL, ARCHER, and MAYER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Robert J. Costa appeals the judgment of the United States Claims Court, Costa v. United States, No. 465-88C (Apr. 5, 1989), dismissing Costa's complaint for lack of jurisdiction. We affirm.
 
 OPINION
 
 2
 Costa sought various benefits under the Federal Employee's Compensation Act (FECA), 5 U.S.C. Secs. 8101-93 (1982 & Supp. V 1987), and other related relief. Section 8128(b) of Title 5 expressly precludes judicial review of FECA determinations. Thus, the Secretary of Labor's decision denying Costa compensation under the FECA, and the administrative proceedings on which that determination rests, are not subject to review in the Claims Court under 28 U.S.C. Sec. 1491 (1982). Bradley v. United States, 220 Ct.Cl. 684, 686 (1979).
 
 
 3
 Notwithstanding Congress' explicit denial of judicial review in FECA cases, Costa vehemently asserts that the Claims Court has jurisdiction because his claim is founded on the Constitution, i.e., violation of the first and fourteenth amendments.* Contrary to Costa's assertions, the Constitution neither creates any substantive rights to disability compensation nor grants the Claims Court jurisdiction over the alleged violations of constitutional rights here. The first amendment's literal terms neither explicitly nor implicitly obligate the federal government to pay damages. Standing alone, the first amendment cannot be interpreted to command the payment of money--a necessary ingredient to Claims Court jurisdiction. United States v. Connolly, 716 F.2d 882, 887 (Fed.Cir.1983) (in banc), cert. denied, 465 U.S. 1065 (1984). "That amendment merely forbids Congress from enacting certain types of laws; it does not provide persons aggrieved by governmental action with an action for damages in the absence of some other jurisdictional basis." Id. The same applies to Costa's constitutional due process claim. See Walton v. United States, 213 Ct.Cl. 755, 757 (1977).
 
 
 4
 The Claims Court's jurisdiction is defined by statute, including the limitations in Title 5, and is not co-extensive with the Constitution. See Connolly at 885-86. The applicable statutes and regulations, and not the Constitution, establish and define Costa's rights to disability compensation as the result of an alleged injury suffered during federal service. In granting federal employees an entitlement to disability compensation, Congress specifically provided that there would be no judicial review of those substantive determinations. It is the province of other branches, and not the courts, to determine whether disabled employees should be granted the right to judicial review of their disability compensation entitlement and the related administrative hearings. Id. at 886. "Congress has decided against judicial review ..., and we are not free to disturb that judgment." Id.
 
 
 
 *
 Because the fourteenth amendment is inapplicable to the United States, we treat Costa's claim as asserting a violation of due process under the fifth amendment