923 F.2d 868
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The MINNESOTA CHIPPEWA TRIBE, et al., and the Red Lake Band,
Petitioners,
v.
The UNITED STATES, Respondent.
 Misc. No. 288.
 United States Court of Appeals, Federal Circuit.
 Oct. 15, 1990.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judges and LOURIE, Circuit Judge.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 The Minnesota Chippewa Tribe (Chippewa) and the Red Lake Band petition for permission to appeal the August 22, 1990 Claims Court order certified as one involving a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of the litigation. The United States does not oppose the petition, but argues that the bands are attempting to expand the scope of issues reviewed on appeal.
 
 
 2
 Briefly, the 1889 Nelson Act provided a framework whereby the United States held the trust title to 3.663 million acres ceded by the Minnesota bands, sold the land, and in the 1930s disbursed practically all of the proceeds to the bands on a per capita basis.
 
 
 3
 The Red Lake Band had ceded 79% of the acreage but received only 15.77% of the proceeds. In 1981, the Court of Claims characterized this arrangement as an "unfair situation." Under the "fair and honorable dealings" clause of the Indian Claims Commission Act, the Red Lake Band sought the fair market value of the acreage that it ceded, less payments on the claim. The Chippewa sought recovery equal to their population share of the fair market value of the land ceded, less payments on the claim.
 
 
 4
 In the present Claims Court proceeding relating to the Red Lake claim, the United States moved to realign the Chippewa as a defendant. On August 22, the Claims Court granted the motion to realign and ruled that present counsel could not continue to represent both the Chippewa and the Red Lake Band. The Claims Court certified the order pursuant to 28 U.S.C. 1292(d)(2) noting that an immediate appeal would have a "dramatic impact on the length of time in which this case is resolved."
 
 
 5
 We agree with the Claims Court and the parties that an interlocutory appeal is appropriate. The United States' argument that the bands are improperly expanding the scope of issues on appeal is premature. The court has stated that "the nature and scope of our review are not limited to the certified question but that we are free to consider all questions material to the trial court's order ..." United States v. Connolly, 716 F.2d 882, 885 (Fed.Cir.1983), cert. denied, 465 U.S. 1065 (1984). Here, the Claims Court did not delineate discrete questions, nor was it required to do so. Connolly makes clear that this court reviews the trial court's order, not merely delineated questions. It is axiomatic that we do not go beyond the trial court's order. We fully expect the parties in their briefs to adhere to those parameters. Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 The petition for permission to appeal is granted.