Gwendolyn WHITE, Petitioner,

v.

UNITED STATES POSTAL
SERVICE, Respondent.

No. 90–3423.

United States Court of Appeals,
Federal Circuit.

April 17, 1991.

---

Robin E. Cochran and John P. DiFalco, of John P. DiFalco & Associates, P.C., Fort Collins, Colo., submitted for petitioner.

Patrick Johnson, Atty., Commercial Litigation Branch, Dept. of Justice, of Washington, D.C., submitted for respondent. With him on the brief were Stuart M. Gerson, Asst. Atty., David M. Cohen, Director and Terrence S. Hartman, Asst. Director. Also on the brief were Jesse L. Butler, Asst. Gen. Counsel and Alice L. Covington, Atty., Office of Labor Law, Washington, D.C., of counsel.

Before NIES, Chief Judge, BENNETT, Senior Circuit Judge, and PLAGER, Circuit Judge.

## DECISION

NIES, Chief Judge.

Gwendolyn White appeals from a decision of the Merit Systems Protection Board in CH075288C9053 which became final on May 21, 1990, dismissing her petition for enforcement against the United States Postal Service for additional back pay to which she claims entitlement under the Back Pay Act (5 U.S.C. § 5596 (1988)). 45 M.S.P.R. 61. The Board found that White was not entitled to out-of-schedule overtime pay which she seeks and that the issues as to other matters had been resolved. Accordingly, White's petition was dismissed. Because appellant failed to establish either legal or factual error in the Board's decision, we affirm.

## BACKGROUND

White held the position of Head Occupational Health Nurse with the United States Postal Service. In April 1988, she received a notice of Proposed Reduction in Grade and a subsequent Letter of Decision reducing her from an EAS–15, Step 9, to an Occupational Health Nurse, RSC G–1, Step 13, to be effective in early May 1988. Thereafter, White timely appealed the agency's decision to the Board. The Administrative Judge (AJ) rendered a decision in favor of White, finding the reduction in grade to be improper. Consequently, the AJ ordered the agency to reinstate White to her former position, and to award her back pay for the period of her unlawful demotion in accordance with Postal Service Regulations.

The agency subsequently made a back pay award to the petitioner totalling $2,327.30. White, however, considered this award to be insufficient to encompass all amounts to which she was entitled. About two weeks after the AJ decision was handed down, she filed a petition for enforcement asking the Board to order compliance with its previous decision requiring the agency to award her full back pay. In particular, White challenged the agency's award because she had not been given any out-of-schedule overtime pay, as well as holiday pay, injury-on-duty pay, Sunday premium pay, annual leave credit, and sick leave credit. As the basis for her claim of entitlement to out-of-schedule overtime pay, she alleged that, before she was demoted, she worked Tour 2, from 7:00 a.m. to 4:00 p.m., but upon her demotion, she was rescheduled to Tour 3, which required her to work from late afternoon until late evening. Under the regulations established by the agency, out-of-schedule overtime pay is available to:

eligible full-time bargaining unit employees for time worked outside of, and instead of, their regularly scheduled workday or workweek when employees work on a temporary schedule at the request of management.

Postal Service Employee and Labor Relations Manual, § 434.611. Thus, to qualify for out-of-schedule overtime pay, a full-time employee must be working outside of their regularly scheduled hours on a temporary schedule at the request of management. White reasoned that because she was working outside of her regularly scheduled Tour 2 assignment as a result of her demotion, and she had previously been given out-of-schedule overtime pay upon working in another Tour, she was entitled to out-of-schedule overtime pay as part of her back pay.

The AJ dismissed White's petition, finding that the agency was substantially in

compliance with its order to return the petitioner to the *status quo ante*. *White v. USPS*, No. CH075288C9053, AJ op. at 3 (MSPB Jan. 19, 1990). The AJ concluded that out-of-schedule overtime pay was not required because White's assignment to Tour 3 was not a "temporary" scheduling. With respect to White's various claims for amounts due her for night differential, Sunday premium pay, annual leave credit, and other items, the AJ determined that an enforcement order was not appropriate as the agency had agreed that White was entitled to these amounts and that a payment of these amounts would be forthcoming. *Id.* at 2. The AJ's decision became the final decision of the Board, and White then filed a timely appeal. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9) (1988).

## DISCUSSION

■ Under the terms of the Back Pay Act, an employee who wrongfully undergoes an adverse action is entitled to receive an award of back pay from the agency.[1] 5 U.S.C. § 5596(b)(1). This court in *Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed.Cir.1984), has stated that to place the injured party as nearly as possible in the *status quo ante* means that the " 'injured party is to be placed, as near as may be, in the situation he would have occupied if the wrong had not been committed.' " *Id.* at 733 n. 3 (quoting *Wicker v. Hoppock*, 73 U.S. (6 Wall.) 94, 99, 18 L.Ed. 752 (1867), *quoted with approval in Albemarle Paper Co. v. Moody*, 422 U.S. 405, 418–419, 95 S.Ct. 2362, 2372, 45 L.Ed.2d 280 (1975)).

■ White maintains that, had she not been demoted, she would have received out-of-schedule overtime pay for rescheduling her out of Tour 2. The AJ concluded that White's being rescheduled as a result of the demotion did not entitle her to out-of-schedule overtime as part of the back pay

award, relying on *Hernandez v. Carlin*, No. SA–85–CA–2642 (W.D.Tex. Feb. 1, 1987). In *Hernandez*, slip op. at 6, under similar circumstances, the court refused to award such out-of-schedule overtime stating:

> [I]t is clear that employees improperly reassigned are not entitled to out-of-schedule overtime pay when management is obligated to implement corrective action. So long as the employee worked a regular schedule, albeit an improper one, the temporary schedule changes ... [necessary to qualify for out-of-schedule overtime pay] ha[ve] not been realized.... [A]lthough Plaintiff was improperly put in the clerk craft, he had still been working a regular and permanent schedule.

We endorse the reasoning of the district court in *Hernandez*. In this case, as in *Hernandez*, the agency wrongfully reassigned White to a different shift, but that reassignment was, nevertheless, regular and permanent and not temporary such as would qualify for out-of-schedule overtime pay under the regulation.[2]

White offers no proof that she would have been temporarily rescheduled to Tour 3 had she not been demoted. Thus, the AJ's conclusion that White did not establish an entitlement to out-of-schedule overtime as part of her back pay award is supported by substantial evidence and otherwise in accordance with law.

Before the Board, White also questioned the nonpayment of other amounts to which the agency agreed she was entitled. As the result of conferences, White's attorney agreed that all matters were resolved except the issue of out-of-schedule overtime. Finding that these additional amounts were either paid or being processed, the AJ dismissed the compliance action. White argues that the AJ should not have dismissed the action until she actually received the

---

1. Appellant seeks payment of out-of-schedule overtime pay based on the Back Pay Act. Because of our disposition that she has not demonstrated an entitlement to out-of-schedule overtime pay, we need not, and do not, decide whether the Back Pay Act applies to Postal Service employees. *See United States v. Connolly*,

716 F.2d 882, 887 (Fed.Cir.1983) (in banc), *cert. denied*, 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984).

2. An adverse action in the nature of a reduction in grade is intended to be permanent in duration, absent indication by the agency otherwise.

amounts owed to her.[3] It appears, however, that White seeks an opportunity to reopen the settled matters. In any event, we find no error or abuse of discretion in the termination of this compliance proceeding in view of the resolution of all substantive issues. The decision of the Merits Systems Protection Board is, therefore,

AFFIRMED.

---

**3.** White's argument regarding these amounts may be a complaint that she had not yet received payment for these amounts at the time of the appeal. If not yet paid, another compliance petition with sanctions may be in order.