29 F.3d 644
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Eli RAITPORT, Plaintiff-Appellant,
and
Scietronic Corporation, STE AME Isorait, STE AME Suremi, STE
AME Raitport, and Raitport GES M.B.H., Plaintiffs,
and
The Republic of Austria, the Kingdom of Belgium, the
Republic of Germany, the Republic of France, the
Republic of Italy and the Kingdom of
Netherlands, Involuntary Plaintiffs,
v.
The UNITED STATES, Defendant-Appellee.
 No. 93-5179.
 United States Court of Appeals, Federal Circuit.
 May 23, 1994.
Rehearing Denied June 21, 1994.
 
 Before MICHEL, PLAGER and RADER, Circuit Judges.
 DECISION
 PER CURIAM.
 
 
 1
 Appellant, Eli Raitport, appeals from the June 16, 1993 judgment of the United States Court of Federal Claims, Docket Nos. 93-329C, 93-348C and 93-357C, dismissing his three complaints with prejudice for lack of jurisdiction. We affirm-in-part, vacate-in-part and remand.
 
 DISCUSSION
 
 2
 Appellant filed three separate complaints in the United States Court of Federal Claims in May and June, 1993. The court consolidated the three complaints and sua sponte dismissed them for lack of jurisdiction.
 
 
 3
 Appellant's first complaint alleged that the United States District Court for the Eastern District of New York failed to enforce the Federal Rules of Civil Procedure when it refused to enter a default judgment against the United States. According to appellant, this failure breached a contract between the United States and himself. Appellant's second complaint sought an order from the Court of Federal Claims prohibiting the Clerk of the district court from interfering with appellant's right of access to the district court.
 
 
 4
 Court of Federal Claims jurisdiction is based on the Tucker Act, 28 U.S.C. Sec. 1491, et seq. In order for the court to grant relief, appellant must invoke a substantive right created by some money-mandating constitutional provision, statute or regulation that has been violated or pursuant to an express or implied contract with the United States. United States v. Connolly, 716 F.2d 882, 885 (Fed.Cir.1983) (in banc), cert. denied, 465 U.S. 1065 (1984). Because the first two complaints cite no money-mandating law allegedly violated by the United States, they failed to establish jurisdiction under section 1491. In addition, neither the Federal Rules of Civil Procedure nor the international treaties cited by appellant constitute an express or implied contract between appellant and the United States. Therefore, the Court of Federal Claims correctly ruled it lacks jurisdiction over the first and second complaints, Docket Nos. 93-329C and 93-348C.
 
 
 5
 The Court of Federal Claims also dismissed appellant's third complaint, Docket No. 93-357C, for lack of jurisdiction. Unlike the previous complaints, however, the third complaint alleged infringement by the United States of appellant's U.S. patents, Nos. 3,609,266 and 3,749,354. Because appellant alleged a cause of action under 28 U.S.C. Sec. 1498, which permits a party to sue the United States for patent infringement in the Court of Federal Claims, that court has jurisdiction over appellant's third complaint. Therefore, dismissal on this basis was erroneous. Accordingly, we vacate the court's dismissal of the third complaint for lack of jurisdiction and remand for further proceedings.
 
 
 6
 In conclusion, we affirm the Court of Federal Claims' dismissal of the first two complaints for lack of subject matter jurisdiction. We vacate dismissal of the third complaint and remand.
 
 COSTS
 
 7
 Each party to bear its own costs.