# United States Court of Federal Claims

No. 18-1230 C

November 7, 2018

---

**CASSANDRA D. METTS,**

> *Plaintiff,*

**v.**

**UNITED STATES OF AMERICA,**

> *Defendant.*

---

*Cassandra D. Metts*, Baltimore, MD, *pro se*.

*Christopher Loren Harlow, Esquire*, United States Department of Justice, Civil Division, Washington, D.C., for defendant.

## ORDER AND OPINION

**Hodges,** Senior Judge.

Plaintiff Cassandra D. Metts filed a Complaint in August 2018 seeking damages against the United States for various reasons, including the denial of social security benefits by the State of Maryland, First Amendment violations, and criminal activity involving a named reverend.[1] Defendant filed a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1).

This court generally hears actions against the United States in which Congress has waived its sovereign immunity pursuant to the Tucker Act. 28 U.S.C. § 1491(a)(1). The Tucker Act permits an action for money damages, but plaintiffs must establish a separate source within a contract, regulation, statute, or constitutional provision that reasonably authorizes payment of money for violation of the contract, statute, or other provision. *United States v. Testan*, 424 U.S. 392, 398 (1976).

The Supreme Court has ruled that pleadings filed by plaintiffs who proceed pro se

---

[1] Ms. Metts asserts similar allegations in her complaint filed on August 13, 2018. *Metts v. United States*, C/A No. 18-1229.

7017 1450 0000 1346 3356

are held to less rigid standards than those of parties represented by counsel, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Pro se plaintiffs nevertheless bear the burden of establishing by a preponderance of the evidence that all jurisdictional requirements are satisfied. *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004); *Reynolds v. Army & Air Force Exch. Serv.*, 846 Fed. 2d 746, 748 (Fed. Cir. 1988). The court must dismiss an action if we determine "at any time that [we] lack subject matter jurisdiction." RCFC 12(h)(3).

This court does not have jurisdiction over First Amendment claims. *United States v. Connolly*, 716 F.2d 882, 886-87 (Fed. Cir. 1983). Our jurisdiction does not include claims based on criminal violations. *Sanders v. United States*, 252 F.3d 1329, 1333-34 (Fed. Cir. 2001); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (citing U.S.C. § 1491(a)(1)). We do not have jurisdiction over social security claims. 42 U.S.C. § 405(g); *Addams-More v. United States*, 81 Fed. Cl. 312, 315 (2008).

We have reviewed the complaint in a light most deferential to this plaintiff and taken into consideration the Judiciary's obligation to consider allegations of pro se pleadings with wide latitude. Nevertheless, plaintiff has not shown that all jurisdictional requirements for filing suit are satisfied; no have we been able to discern a claim within this court's jurisdiction. *United States v. Ford Motor Co.*, 497 F.3d 1331, 1336 (Fed. Cir. 2007).

For the reasons stated above, we **GRANT** defendant's Motion to Dismiss for lack of subject matter jurisdiction. The Clerk of Court will **DISMISS** plaintiff's Complaint pursuant to RCFC 12(b)(1). No costs.

   **IT IS SO ORDERED.**

Robert H. Hodges, Jr
Judge