NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**J. WICKRAMARATNA, aka Jac Wright, TEXEL ENGINEERING LTD., aka T Ltd.,**
*Plaintiffs-Appellants*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2022-1786

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-02342-MHS, Judge Matthew H. Solomson.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

J. Wickramaratna filed a complaint at the United States Court of Federal Claims for $10 billion, primarily alleging that a host of federal officials and employees, including members of Congress and employees of the Departments of State, Defense, and Justice, are involved in a conspiracy to obstruct her alleged relationship with President Trump. She asserted tort violations, civil rights

violations, and a breach of contract, as well as a laundry list of criminal acts.[*]  The Court of Federal Claims dismissed her breach-of-contract claim because Ms. Wickramaratna failed to allege sufficient facts to state a plausible claim for relief and dismissed Ms. Wickramaratna's remaining claims for lack of jurisdiction or as frivolous.  She appeals and now moves for leave to proceed *in forma pauperis*.  She has also filed her opening brief, ECF Nos. 12 and 14.

Because the trial court's dismissal of Ms. Wickramaratna's complaint was so "clearly correct" and "no substantial question regarding the outcome of the appeal exists," we summarily affirm.  *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994).  The Tucker Act, 28 U.S.C. § 1491, limits jurisdiction of the Court of Federal Claims to claims for money damages against the United States in cases "not sounding in tort," § 1491(a)(1).  It does not give the court jurisdiction over Ms. Wickramaratna's claims arising under 42 U.S.C. § 1983, which are under the jurisdiction of district courts, or over her alleged violations of the First Amendment or the Due Process Clause of the Fifth Amendment. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995); *United States v. Connolly*, 716 F.2d 882, 886–87 (Fed. Cir. 1983).

The Court of Federal Claims properly found that the only conceivable basis for its jurisdiction was the breach-of-contract claim but dismissed that claim on the ground that Ms. Wickramaratna failed to allege plausible facts that would show she had a contract with the federal government or had bid rejected on a proposed government contract that could give rise to the court's jurisdiction under

---

[*]    No counsel has appeared on behalf of Texel Engineering.  Ms. Wickramaratna indicates that Texel Engineering is a United Kingdom entity that may be akin to a sole proprietorship.  *See, e.g.,* ECF No. 12 at 12.

28 U.S.C. § 1491(b).  The court was right to do so.  The claim was premised on the frivolous allegations that formed the basis of her other alleged violations.  Compl. at 2.  Allegations that fall into those categories are insufficient to state a plausible claim for relief.  *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

Accordingly,

IT IS ORDERED THAT:

(1)  The judgment of the Court of Federal Claims is affirmed.

(2)  All pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

December 8, 2022
Date

/s/ Peter R. Marksteiner
Peter R. Marksteiner
Clerk of Court