NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LOUIS A. BANKS, Individually and on behalf of D.B., a minor,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2023-1797

---

Appeal from the United States Court of Federal Claims in No. 1:22-cv-01334-ZNS, Judge Zachary N. Somers.

---

**ON MOTION**

---

PER CURIAM.

## O R D E R

Louis A. Banks submits a motion to "hear case before the same merits panel of judges as prior related case," and submits his informal brief, ECF No. 11-2.  Having considered Mr. Banks' submissions, the court summarily affirms.

Mr. Banks brought this suit in the United States Court of Federal Claims.   Stemming from an incident between a

police officer and Mr. Banks and his son that occurred in the D.C. Public Schools, Mr. Banks' complaint appears to allege a conspiracy involving the United States that violated his civil rights and rights under the First, Fourth, Fifth, and Fourteenth Amendments.  Dkt. No. 6 at 2.  On March 28, 2023, the United States Court of Federal Claims granted the United States' motion to dismiss for lack of jurisdiction.  This appeal followed.

Summary disposition is appropriate here because there is no "substantial question regarding the outcome" of the appeal.  *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted).  The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Court of Federal Claims to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks omitted).  Here, Mr. Banks clearly failed to assert such a claim.

The court was clearly correct that Mr. Banks could not sue in that court based on alleged violations of the First Amendment, *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983), the Fourth Amendment, *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997), the Due Process Clause of the Fifth Amendment, *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013), or the Fourteenth Amendment to the Constitution, *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).  Nothing in those provisions mandates compensation by the United States.

The Court of Federal Claims was also clearly correct that it lacked jurisdiction to the extent that Mr. Banks was asserting a federal civil rights violation as this claim is outside of its jurisdiction and cannot fairly be read to be based on a money-mandating obligation on the United States

enforceable under the Tucker Act. *See Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019) (citations omitted).*

Accordingly,

IT IS ORDERED THAT:

(1)  The Court of Federal Claims' judgment is summarily affirmed.

(2)  All pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

December 14, 2023
        Date

---

\*    Mr. Banks' filings appear to seek review of a case brought in the United States District Court for the District of Columbia, No. 1:23-cv-01028, alleging civil rights violations. That case is outside of this court's jurisdiction. *See* 28 U.S.C. § 1295(a). Because Mr. Banks has already appealed that case to the appropriate regional court of appeals, there is no need for us to consider transfer.