NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

-------------------

**NAVARRA S. SCOTT,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

-------------------

2025-1352

-------------------

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01913-RMM, Judge Robin M. Meriweather.

--------------------------------------------------

**NAVARRA S. SCOTT,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

-------------------

2025-1353

-------------------

Appeal from the United States Court of Federal Claims in No. 1:24-cv-01914-AOB, Judge Armando O. Bonilla.

———————————————

## ON MOTION

———————————————

PER CURIAM.

## O R D E R

In these appeals, the United States moves to summarily affirm the judgments of the United States Court of Federal Claims dismissing Navarra S. Scott's complaints alleging religious discrimination and violations of free speech and what the court understood as a "copyright infringement claim, purportedly asserted on behalf of God." Appeal No. 2025-1352, ECF No. 4, Appx003. Ms. Scott opposes and submits several filings of her own, including her opening briefs.

Summary disposition is appropriate here because there is no "substantial question regarding the outcome" of the appeals. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994) (citation omitted). The Tucker Act, 28 U.S.C. § 1491, limits the jurisdiction of the Court of Federal Claims to claims for money damages against the United States based on sources of substantive law that "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Navajo Nation*, 556 U.S. 287, 290 (2009) (internal quotation marks omitted). The Court of Federal Claims was clearly correct that Ms. Scott could not sue in that court based on alleged violations of the First Amendment because that amendment is not money-mandating. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983). The court was also clearly correct that it lacked jurisdiction over claims against states or state entities. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941). Finally, for the reasons explained in its dismissal order, the trial court was clearly correct that Ms. Scott had not plausibly alleged copyright infringement.

SCOTT v. US                                                                    3

Accordingly,

IT IS ORDERED THAT:

(1) The motions are granted.  The judgments of the United States Court of Federal Claims are summarily affirmed.

(2)  Each party shall bear its own costs.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

April 17, 2025
    Date