Michael IOANE, Plaintiff–Appellant,

v.

UNITED STATES, Defendant–Appellee.

No. 00–5095.

United States Court of Appeals,
Federal Circuit.

Jan. 10, 2001.

Rehearing Denied Feb. 2, 2001.

Before MICHEL, LINN, and DYK,
Circuit Judges.

PER CURIAM.

Michael Ioane appeals a final decision of the Court of Federal Claims dismissing Ioane's claim for failure to state a claim upon which relief could be granted. *Ioane v. United States*, 99–905L (Fed. Cl. June 14, 2000). We *affirm*.

BACKGROUND

Ioane states that he was the record title holder of property identified as Federal Land Patent No. 1050, and that this property was seized by the Santa Clara County Sheriff's Department after the property was foreclosed upon by the Bank of America, a private entity. After the seizure, Ioane sued the United States in the Court of Federal Claims. In the action being appealed, Ioane understands that he did not sue the Bank of America, the County of Santa Clara, or the State of California. At the Court of Federal Claims, however, Ioane argued that the actions of the Bank of America, the County of Santa Clara, and the State of California in connection with the foreclosure violated his Fourth, Fifth, Eighth, and Fourteenth Amendment rights under the Constitution. Ioane also claimed that the Federal Land Patent created a contract between himself and the United States.

The government argued that Ioane had failed to state a claim against the United States. The Court of Federal Claims agreed and dismissed Ioane's claim under Rule 12(b)(4) of the Rules of the Court of Federal Claims. Ioane appeals that decision and this court has exclusive appellate jurisdiction. 28 U.S.C. § 1295(a)(3) (1994).

DISCUSSION

A. Standard of Review

"We review in a plenary fashion whether the Court of Federal Claims prop-

erly ... dismissed for failure to state a claim upon which relief can be granted, as [it is a] question[ ] of law." *Southfork Sys., Inc. v. United States,* 141 F.3d 1124, 1131 (Fed.Cir.1998).

### B. Analysis

■ Ioane asserts that the United States "acknowledges generally" that the Bank of America is an agent of the United States, although the United States denies that the Bank of America has operated as an agent in the circumstances giving rise to this case. The general acknowledgement of an agency relationship, asserted by Ioane, appears to refer to the Bank of America's registration and participation as a national bank in the depository system administered by the United States Department of the Treasury. Ioane's principal argument on appeal is that this alleged general acknowledgement precludes dismissal for failure to state a claim.

We disagree. The question is whether Ioane has asserted a set of facts that would support his claim. *See Chang v. United States,* 859 F.2d 893, 894 (Fed.Cir. 1988). Such facts would have to show that either the Bank of America, or the County of Santa Clara, or the State of California was acting as a proper agent of the United States in connection with the circumstances giving rise to this case, that is, the foreclosure of Ioane's property. Ioane's complaint asserts no factual predicate for the conclusion that any of these parties acted as an agent of the United States in regard to the foreclosure of Ioane's property. The Court of Federal Claims also ably and correctly explained that a Federal Land Patent is a deed and gives Ioane no rights against the United States.

### CONCLUSION

For these reasons and the explications in the opinion of the Court of Federal Claims, we *affirm* the dismissal of Ioane's complaint for failure to state a claim upon which relief could be granted.