NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**DONNA MARIE CONNER,**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2010-5106

---

Appeal from the United States Court of Federal Claims in Case No. 09-CV-880, Senior Judge Robert H. Hodges, Jr.

---

Decided: January 13, 2011

---

DONNA MARIE CONNER, of Manchester, New Hampshire, pro se.

RUSSELL J. UPTON, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assistant Attorney General, JEANNE E. DAVIDSON, Director, and FRANKLIN E. WHITE, JR., Assistant Director.

---

Before NEWMAN, FRIEDMAN, AND LOURIE, *Circuit Judges*.

PER CURIAM.

Ms. Donna Marie Conner appeals the decision the United States Court of Federal Claims dismissing her complaint for lack of jurisdiction and for failure to state a claim upon which relief may be granted.[1] We have reviewed Ms. Conner's briefs, the government's brief, and the record, and discern no reversible error.

## BACKGROUND

By complaint filed December 22, 2009, Ms. Conner presents claims against various entities and employees of the Commonwealth of Virginia, the United States Equal Employment Opportunity Commission (EEOC), the Department of Justice (DOJ), district judges of the United States District Court for the Eastern District of Virginia, and the Supreme Court of the United States. She states that the Court of Federal Claims has jurisdiction under the Tucker Act.

Ms. Conner states that she suffered employment discrimination, racial discrimination, and religious discrimination at her employment at York County Head Start. She also states that entities and employees of Virginia did not investigate the discrimination claim or were involved in invasions of privacy and theft of intellectual property. She also states that the EEOC mishandled her discrimination complaint against York County, the DOJ did not help her with her complaints concerning the EEOC, the state and

---

[1]    *Conner v. United States*, No. 09-880C (Fed. Cl. Mar. 23, 2010).

federal courts mishandled her case, and the Supreme Court did not protect her rights.

The Court of Federal Claims dismissed Ms. Conner's complaint, giving two reasons: first, that the court does not have jurisdiction to hear cases brought against states or private organizations or individuals, and second, that Ms. Conner's claims against the federal government do not state a claim for which relief may be granted. Ms. Conner now appeals to this court.

## DISCUSSION

A court's determination of its own jurisdiction, receives plenary review. *Mudge v. United States*, 308 F.3d 1220, 1224 (Fed. Cir. 2002). In reviewing a dismissal for failure to state a claim upon which relief may be granted, we apply the same standard as did the Court of Federal Claims. *Acceptance Ins. Cos., Inc. v. United States*, 583 F.3d 849, 853-54 (Fed. Cir. 2009), *cert. denied*, 130 S. Ct. 2402 (2010).

Jurisdiction is the power of a court to act. The Tucker Act provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. §1491(a)(1) (2006). In accordance with the Tucker Act, "if the relief sought is against others than the United

States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941). Accordingly, the Court of Federal Claims does not have jurisdiction of Ms. Conner's claims against Virginia, its entities, or its employees, for the actions complained of were not taken on behalf of or as agents of the United States. In addition, the Court of Federal Claims has no authority to review the actions or decisions of a United States District Court or the Supreme Court of the United States. *See Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). Thus the Court of Federal Claims correctly held that it does not have jurisdiction of the counts of the complaint.

The Court of Federal Claims also held that Ms. Conner's complaint failed to state a claim on which relief can be granted. RCFC 8(a)(2). In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court reiterated that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" 129 S. Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is not plausible when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 129 S. Ct. at 1950. Ms. Conner's charges of discrimination and mishandling by the EEOC and the DOJ cannot reasonably be construed as constituting a "taking" under the Fifth Amendment. We affirm the ruling of the Court of Federal Claims that Ms. Conner's complaint does not state a claim upon which relief may be granted.

Accordingly Ms. Conner's motion to remand for mediation, and the government's motion to be excused from filing a reply, are dismissed as moot.

No costs.

**AFFIRMED.  MOTIONS DISMISSED.**