NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MORGAN JOSEPH LANGAN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1057

---

Appeal from the United States Court of Federal Claims in No. 1:18-cv-01603-LKG, Judge Lydia Kay Griggsby.

---

Decided: May 6, 2020

---

MORGAN JOSEPH LANGAN, Cornville, AZ, pro se.

ANTHONY F. SCHIAVETTI, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by JOSEPH H. HUNT, ROBERT EDWARD KIRSCHMAN, JR., LOREN MISHA PREHEIM.

---

Before CHEN, LINN, and STOLL, *Circuit Judges.*

PER CURIAM.

Plaintiff-Appellant Morgan Joseph Langan appeals from a judgment from the Court of Federal Claims (Claims Court) dismissing his complaint for lack of subject matter jurisdiction. *See Langan v. United States*, No. 18-cv-01603, 2019 WL 3857044 (Fed. Cl. Aug. 16, 2019). For the reasons explained below, we *affirm*.

## BACKGROUND

Mr. Langan filed suit in the Claims Court against the United States, the State of Arizona, and Yavapai County, Arizona, alleging that certain banks operating in Arizona and certain state and local county government officials in Yavapai County improperly foreclosed upon and confiscated his house and land. SAppx 27, 30–31.[1] Mr. Langan alleged that he "was deprived of [his] land, home, estate and property under operation of State non-judicial foreclosure laws that impaired the obligations required by [certain] contracts between the parties." SAppx 29. His complaint also appeared to assert claims against the United States based upon the First, Fifth and Fourteenth Amendments and Article 1 § 10 of the United States Constitution. SAppx 28. As relief, Mr. Langan sought to recover $1,398,838.05 in damages from the United States and certain equitable relief. SAppx 38–39.

The Government moved to dismiss for lack of subject matter jurisdiction or for failure to state a claim pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims. *See* Def.'s Mot. Dismiss, No. 18-cv-01603 (Fed. Cl. Dec. 10, 2018), ECF No. 7 at 1–2. In response to the Government's motion to dismiss, Mr. Langan raised a breach of contract claim against the United States and

---

[1]    Mr. Langan and the Government submitted their own appendices, which will be referred to with the prefixes "Appx" and "SAppx," respectively.

asserted a violation of an alleged federal land patent. Pl.'s Resp. Mot. Dismiss, No. 18-cv-01603 (Fed. Cl. Mar. 11, 2019), ECF No. 18 at 1. Mr. Langan also identified 28 U.S.C. §§ 1491(a)(1), 1493, 1498, and 42 U.S.C. § 1983 as the jurisdictional bases for his claims and cause of action against the United States. *Id.* at 4.

The Claims Court granted the Government's motion to dismiss, holding that it lacked jurisdiction over Mr. Langan's claims on various grounds. *Langan*, 2019 WL 3857044, at *8. The court explained that it lacked jurisdiction to entertain Mr. Langan's complaint because he asserted claims against parties other than the United States, did not establish the existence of a contract with the United States, and pleaded various other claims outside the court's subject matter jurisdiction. *Id.* at *5–7. The court later denied Mr. Langan's motion for reconsideration. *Langan v. United States*, No. 18-cv-01603, 2019 WL 4643746, at *1 (Fed. Cl. Sept. 24, 2019).

Mr. Langan appealed. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the Claims Court's legal conclusion that it lacked subject matter jurisdiction. *Stephens v. United States*, 884 F.3d 1151, 1155 (Fed. Cir. 2018) (citing *Coast Prof'l, Inc. v. United States*, 828 F.3d 1349, 1354 (Fed. Cir. 2016)). As the plaintiff, Mr. Langan "bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence." *Estes Exp. Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)). When reviewing a Claims Court's decision on a "motion to dismiss for lack of subject matter jurisdiction, [we] accept[] as true all uncontroverted factual allegations in the complaint, and construe[] them in the light most favorable to the plaintiff." *Id.* (citing *Cedars–Sinai Med. Ctr. v. Watkins*, 11 F.3d 1573, 1583–84 (Fed. Cir. 1993)).

The Claims Court was correct to dismiss Mr. Langan's complaint for lack of jurisdiction.  Pursuant to the Tucker Act, the Claims Court has jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."  28 U.S.C. § 1491(a)(1).  The Claims Court's jurisdiction under the Tucker Act "is confined to the rendition of money judgments in suits brought for that relief against the United States," *United States v. Sherwood*, 312 U.S. 584, 588 (1941), and Mr. Langan's complaint does not allege any claim within the court's jurisdiction under the Tucker Act.

Under the Tucker Act, the Claims Court only has jurisdiction to hear "claim[s] against the United States." § 1491(a)(1); *Sherwood*, 312 U.S. at 588.  "[I]f the relief sought is against others than the United States[,] the suit as to them must be ignored as beyond the jurisdiction of the court." *Sherwood*, 312 U.S. at 588.  The essence of Mr. Langan's complaint appears to relate to actions by banks and certain state and local government officials in Arizona.  SAppx 27, 30–31.  To the extent the complaint sought relief against defendants other than the United States, including private parties and state and county entities, the Claims Court correctly dismissed those claims. *See Sherwood*, 312 U.S. at 588 (The Claims Court is "without jurisdiction of any suit brought against private parties."); *Conner v. United States*, 407 F. App'x 428, 430 (Fed. Cir. 2011) (The Claims Court "does not have jurisdiction [over] claims against Virginia, its entities, or its employees.").

Further, the Tucker Act is "only a jurisdictional statute." *United States v. Testan*, 424 U.S. 392, 398 (1976).  That means it "does not create a substantive cause of action," but instead requires the plaintiff to identify a "money-mandating" source of law, i.e., "a separate source of substantive law that creates the right to money

damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Therefore, a plaintiff seeking to invoke the court's Tucker Act jurisdiction must identify an independent source of a substantive cause of action for money damages from the United States arising out of a contract, statute, regulation, or constitutional provision. *Id.*; *Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin.*, 525 F.3d 1299, 1306 (Fed. Cir. 2008). In this case, the Claims Court correctly concluded that Mr. Langan's complaint was not based upon a money-mandating provision of law, or a contract with the United States.

Mr. Langan's complaint appeared to allege violations of his rights under the First, Fifth, and Fourteenth Amendments and Article 1 § 10 of the United States Constitution. SAppx 28. As the Claims Court correctly noted, the First and Fourteenth Amendments and Article 1 § 10 cannot support jurisdiction under the Tucker Act because none of these constitutional provisions are money-mandating. *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) ("[T]he [F]irst [A]mendment, standing alone, cannot be so interpreted to command the payment of money."); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (The Fourteenth Amendment is not "a sufficient basis for jurisdiction because [it] do[es] not mandate payment of money by the government."); *Olajide v. United States*, No. 16-01594, 2017 WL 3225048, at *4 (Fed. Cl. July 31, 2017) (Article I § 10 is "not money-mandating and do[es] not create a duty for the government to pay."). While the Claims Court may consider takings claims based upon the Fifth Amendment, the complaint asserted no factual predicate for the conclusion that the banks or state and local government officials acted on behalf of the United States in connection with the foreclosure of Mr. Langan's property. Therefore, the Claims Court correctly concluded that Mr. Langan failed to identify a cognizable property interest that had been taken

by the United States. *See Langan*, 2019 WL 3857044, at *6.

The Claims Court also correctly dismissed Mr. Langan's breach of contract claim against the United States for lack of subject matter jurisdiction because Mr. Langan failed to plausibly establish the existence of an express or implied contract with the United States. *See Langan*, 2019 WL 3857044, at *5–6 (citing *Crewzers Fire Crew Transp., Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014) ("To invoke the Court of Federal Claims'[] jurisdiction under the Tucker Act, a [plaintiff] must first show that its claims arose out of a valid contract with the United States.")). As the plaintiff, Mr. Langan bears the burden of proving the existence of a valid contract with the United States. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012). "The party alleging a contract must show a mutual intent to contract including an offer, an acceptance, and consideration." *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). "A contract with the United States also requires that the Government representative who entered or ratified the agreement had actual authority to bind the United States." *Id.* As the Claims Court correctly concluded, Mr. Langan failed to point to any evidence to plausibly establish these elements of a contract with the United States.

Mr. Langan referred to an alleged federal land patent. But, as the Claims Court correctly noted, *see Langan*, 2019 WL 3857044, at *6, "[h]olding a land patent, like any ownership interest in property, . . . is not sufficient on its own to give rise to a cause of action," *Daniels v. United States*, No. 17-01598, 2018 WL 1664476, at *8 (Fed. Cl. Apr. 6, 2018); *see also Ioane v. United States*, 4 F. App'x 762, 763 (Fed. Cir. 2001) ("[A] Federal Land Patent is a deed and gives . . . no rights against the United States."). Mr. Langan has not identified any independent money-mandating provision of law basis for his land patent claim, as is required to invoke the Claims Court's jurisdiction

under the Tucker Act. Nor does Mr. Langan identify any adverse action taken by the United States in regard to his land patent.

Next, the Claims Court correctly concluded it lacked jurisdiction to consider Mr. Langan's statutory claims because the statutes relied upon were either outside the court's jurisdiction or inapplicable to his claims. *See Langan*, 2019 WL 3857044, at *7. Mr. Langan identified the Tucker Act, 28 U.S.C. § 1491(a)(1), as the jurisdictional basis for his case, but as previously discussed, this is "only a jurisdictional statute" and "does not create any substantive right enforceable against the United States for money damages." *Testan*, 424 U.S. at 398. He also relied on 28 U.S.C. § 1493, but that statute was repealed in 1953. Also, as the Claims Court correctly noted, 28 U.S.C. § 1498 is inapplicable to Mr. Langan's claims because it addresses the court's jurisdiction regarding invention patents, not land patents. *See Langan*, 2019 WL 3857044, at *7; *see also Oil States Energy Servs., LLC v. Greene's Energy Grp., LLC*, 138 S. Ct. 1365, 1376 n.3 (2018) ("Modern invention patents . . . are meaningfully different from land patents."). Mr. Langan further identified 42 U.S.C. § 1983 as a substantive cause of action, but the Claims Court does not possess jurisdiction to hear claims for violations of this statute. *See* 28 U.S.C. § 1343 (providing that exclusive jurisdiction to hear civil rights claims resides in the federal district courts); *Kennedy v. United States*, 138 Fed. Cl. 611, 618 (2018) ("[O]nly federal district courts possess jurisdiction to entertain claims alleging civil rights violations" such as claims brought pursuant to 42 U.S.C. § 1983.), *appeal dismissed*, 748 F. App'x 335 (Fed. Cir. 2019).

Finally, the remainder of Mr. Langan's demands, which are for equitable relief, are also outside the jurisdiction of the Claims Court. The complaint sought, among other things, that the Claims Court "decree a fair and equitable process to command specific performance for

officers of the government including Yavapai County and the State of Arizona." SAppx 39. Mr. Langan also asserted a "right to redeem [his land] in equity" based on "unjust enrichment." Pl.'s Resp. Mot. Dismiss, ECF No. 18 at 2. The Claims Court lacks general equity jurisdiction and can only award equitable relief "incident of and collateral to" a money judgment. *See* 28 U.S.C. § 1491(a)(2); *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004) ("[T]he Court of Federal Claims does not possess general equity jurisdiction."); *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (same). Further, Mr. Langan's unjust enrichment claim, as an equitable cause of action, is beyond the jurisdiction of the Claims Court. *8x8, Inc. v. United States*, 854 F.3d 1376, 1383 n.7 (Fed. Cir. 2017).

## CONCLUSION

We have considered Mr. Langan's remaining arguments and find them unpersuasive. For the foregoing reasons, the Claims Court lacked jurisdiction over Mr. Langan's claims, and properly dismissed the complaint.

**AFFIRMED**

### COSTS

No costs.